# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11260

_____

ERMINE HAYES,

Petitioner,

*versus*

DIRECTOR, OWCP,
UNITED STATES DEPARTMENT OF LABOR,

Respondents,

COWIN & COMPANY, INC.,

Intervenor.

_____

2                         Order of the Court                    24-11260

Petition for Review of a Decision of the
Benefits Review Board
Agency No. 2023-brb-0287-BLA

_____

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

BY THE COURT:

Jeffrey Hayes, on behalf of his deceased father Ermine Hayes, petitions us for review of a decision of the Benefits Review Board (the "Board"). That decision affirmed an Administrative Law Judge's ("ALJ's") order denying Ermine Hayes benefits under the Black Lung Benefits Act (the "Act"). Ermine Hayes's former employer, Cowin & Company, Inc. ("C&C") has moved to dismiss this petition for lack of jurisdiction. Upon review of the agency record and the parties' briefs regarding the motion to dismiss, we conclude that we have jurisdiction over this petition.

As an initial matter, contrary to C&C's contention, the issue of whether Jeffrey Hayes was properly a party in the proceedings before the ALJ and the Board has no bearing on our jurisdiction over his petition. Under 33 U.S.C. § 921(c), any person "adversely affected or aggrieved" by a decision of the Board may petition us for review, and that statute does not include a requirement that the petitioner be a party to the underlying proceeding before the Board. *See also* 30 U.S.C. § 932(a).

Under the Act's implementing regulations, Jeffrey Hayes has a financial interest in any unpaid benefits owed to his deceased

father under the Act.  *See* 20 C.F.R. § 725.454(c) (providing that benefits owed to a deceased claimant shall be paid to the decedent's spouse, or to the decedent's child if there is no living spouse); *see also* 30 U.S.C. § 922(a)(3) (describing the rate and structure at which benefits under the Act shall be paid to a deceased miner's child or children).  Through his financial interest in this case, we conclude that Jeffrey Hayes was "adversely affected or aggrieved" by the Board's order affirming the denial of benefits to his father.  *See 33 U.S.C. § 921(c); Dir., Off. of Workers' Comp. Programs, Dep't of Lab. v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 126 (1995) (holding that "adversely affected or aggrieved" is a term of art used "to designate those who have standing" to challenge an agency decision); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883 (1990) (holding that "to be 'adversely affected or aggrieved [] within the meaning' of a statute, the plaintiff must establish that the injury he complains of . . . falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint").

Accordingly, C&C's motion to dismiss the petition is DENIED.  Counsel for petitioner is DIRECTED to file a motion to substitute pursuant to Federal Rule of Appellate Procedure 43.